UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

STEPHANIE SMITH, et al.,                )
                                        )
          Plaintiffs,                   )         Civil Action No. 3:19-CV-721-CHB
                                        )
v.                                      )
                                        )         **MEMORANDUM OPINION &**
RONALD R. TYLER, et al.,                )         **ORDER**
                                        )
          Defendants.                   )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

        This matter is before the Court on Defendant Johnathan Hall's Motion to Dismiss, or in

the Alternative, Motion for More Definite Statement [R. 26]. Plaintiff Bridgett Parson responded,

[R, 30], and Defendant Hall replied to Plaintiff Parson's response, [R. 32]. Plaintiff Smith was

permitted additional time to file a response [R. 33]. Plaintiff Smith has since responded to

Defendant Hall's Motion, [R. 37], and Defendant Hall replied to Plaintiff Smith's response [R.

38]. Also before the Court are Defendant Ronald R. Tyler's Motion to Dismiss, [R. 36], and

Motion to File an Amended Answer, [R. 47]. Plaintiffs have not responded to these motions.

        For the reasons set forth below, the Court will deny in part and grant in part Defendant

Hall's Motion to Dismiss, [R. 26]; deny Defendant Tyler's Motion to Dismiss, [R. 36]; and deny

Defendant Tyler's Motion to File an Amended Answer, [R. 47].

**I.    BACKGROUND**

        On October 7, 2019, Plaintiffs filed their Complaint in this Court, [R. 1]. Plaintiffs are

Stephanie Smith, Bridgett Parson, and Cammie Musinski, three former probationers under the

supervision of the Kentucky Department of Corrections ("KYDOC"). Their ten-count Complaint

"alleges damages under 42 U.S.C. § 1983 and state law. . . stemming from Defendant [Ronald]

- 1 -

Tyler's sexual harassment, sexual assault, sexual abuse, tortious conduct, [and] intentional infliction of emotional distress of [Plaintiffs] while they were supervised by Defendant Tyler," their probation officer. *Id.* ¶ 16.

The Complaint initially listed as defendants KYDOC, Ronald Tyler, Phil McHargue (a supervising probation officer employed by KYDOC), and Johnathan G. Hall[1] (Director of the KYDOC's Division of Probation and Parole). However, Plaintiffs voluntarily dismissed their claims against Defendants McHargue and KYDOC, as well as their claims against Defendant Hall in his official capacity. [R. 10]

According to the Complaint, each of the three plaintiffs pleaded guilty to crimes in state court in Bullitt County, Kentucky and, as a result, were placed on probation. [R. 1, ¶¶ 24, 57, 72] More specifically, Smith was placed on probation "[i]n or about April 2017," Musinksi was placed on probation in 2017, and Parson was placed on probation in 2016. *Id.* ¶¶ 25, 58, 73. As probationers, the plaintiffs remained under the supervision of the Kentucky Department of Corrections' Bullitt County Probation and Parole Office. *Id.* During the relevant time period, Defendant Tyler acted as their probation officer. *Id.* ¶¶ 26, 58, 74.

In their Complaint, Plaintiffs claim that Tyler forced them to engage in non-consensual sexual acts, including kissing, groping, sodomy, and rape, while acting as their probation officer. *Id.* ¶¶ 27–30, 60–64, 75–80. The Complaint alleges that the sexual abuse of Smith ended in October 2017, while the abuse of Parson and Musinksi continued "through October 2018." *Id.* ¶¶ 28, 56, 60, 75.

---

[1] The Complaint and subsequent pleadings incorrectly spelled Hall's first name as "Jonathan," but Hall has advised the Court that the correct spelling of his name is "Johnathan Hall." [R. 14, p. 1, n.1]

In October 2018, the Division of Probation and Parole conducted an internal investigation and ultimately placed Defendant Tyler on administrative leave. *Id.* ¶¶ 45–46. In March 2019, Defendant Tyler was arrested and charged with rape, sodomy, sexual abuse, tampering with physical evidence, harassment, and official misconduct. *Id.* ¶ 51. These charges involved Plaintiff Smith and other women. *Id.*

Plaintiffs also allege that, during the relevant time period, Defendant Hall, acting as the Director of KYDOC's Division of Probation and Parole, refused to report allegations of sexual harassment and abuse and concealed known allegations of sexual harassment and abuse. The Complaint alleges that, in August 2018, Hall received notice of a sexual harassment complaint filed by a female parolee against Tyler, but Hall concealed the existence of that complaint. *Id.* ¶¶ 43, 68, 85. The Complaint also alleges that Hall received notice of another sexual harassment and assault complaint by a female parolee against Defendant Tyler in September 2018, but that he concealed that complaint. *Id.* ¶¶ 44, 69, 85. The alleged concealment of that complaint also allegedly involved an attempt by Hall to keep an "exculpatory"[2] recording from being played during an official court proceeding. *Id.* ¶ 44.

Plaintiffs allege that, if Defendant Hall had taken appropriate actions and investigated these 2018 complaints, Defendant Tyler would have been placed on administrative leave sooner and would therefore not have been able to sexually abuse Plaintiffs Musinski and Parsons in September and October 2018. *Id.* ¶¶ 70, 86. The Complaint also alleges that "the systemic abuse perpetuated by Defendant Tyler could have and should have been prevented by" Defendant Hall

---

[2] The Court believes that Plaintiffs may have inadvertently referred to the recording as "exculpatory" rather than "inculpatory."

and others. *Id.* ¶ 100. It also alleges that "Defendant Tyler's actions were facilitated by Defendant Hall's actions and inactions related to the known complaints of sexual harassment and sexual assault against Defendant Tyler." *Id.* ¶ 101.

Plaintiffs' Complaint lists ten specific causes of action, including "unconstitutional search and seizure" in violation of the Fourth Amendment of the United States Constitution (Count 1); "unconstitutional cruel and unusual punishment" in violation of the Eighth Amendment of the United States Constitution (Count II); "unconstitutional violations of the due process clause" of the United States Constitution (Count III); tortious conduct including "assault, battery, negligence, gross negligence, harassment, and violation of the right to personal integrity and to be free from sexual assault and sexual abuse" (Count IV); intentional infliction of emotional distress (Count V); invasion of privacy (Count VI); "violation of Plaintiffs' federal civil rights" (Count VII); negligent training and retention (Count VIII); vicarious liability (Count IX); and claims under 42 U.S.C. § 1983 (Count X). *Id.* at 24–32. Counts I, II, and III (the constitutional violations) are against Tyler; Counts IV, V, and VI (assorted torts) are against Tyler and Hall; Count VII (violation of federal civil rights) appears to be against now-dismissed KYDOC and Hall; Count VIII (negligent training and retention) is against Hall; Counts IX (vicarious liability) is against Hall; and Count X (§ 1983 claim) is against Hall and Tyler.

Defendant Hall filed the present motion on April 20, 2020 [R. 26]. He argues that (1) Plaintiffs fail to state a claim against him; (2) Plaintiff Smith's § 1983 claims and assault, battery, and harassment claims are time-barred; and (3) if the Court does not dismiss the Complaint, it should order Plaintiffs to provide a more definite statement. [R. 26-1]  Plaintiff Parson responded, [R. 30], and Defendant Hall replied to Plaintiff Parson's response. [R. 32]. After a June 26, 2020 telephone conference with United States Magistrate Judge Colin H.

Lindsay, Plaintiff Smith was granted additional time to respond to Defendant Hall's motion [R. 33]. Counsel then entered an appearance for Plaintiff Smith, [R. 34], and filed a response [R. 37].[3] The Court addresses each parties' arguments in turn.

## II.    ANALYSIS

### A.  DEFENDANT HALL'S MOTION TO DISMISS

### 1. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal for "failure to state a claim upon which relief may be granted." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "plausible on its face" if the factual allegations in the complaint "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause

---

[3] Plaintiff Cammie Musinski did not file a response to Defendant Hall's motion. On November 12, 2020, counsel notified the Court of Musinski's death and advised that "Counsel for Plaintiff will also be representing the Estate of Cammie Musinski." [R. 56]. Pursuant to this Court's order, [R. 72], Plaintiff has since filed a Suggestion of Death in compliance with Rule 25, [R. 75].

of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Determining if a complaint sufficiently alleges a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). Further, "[t]he complaint is viewed in the light most favorable to [Plaintiff], the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in [Plaintiff's] favor." *Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016) (citing *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008)).

### 2.  Failure to State a Claim Generally

Defendant Hall first argues that the allegations stated in the Complaint are "little more than vague assertions with little reference to context, time, or how Hall fits into the alleged acts committed by Tyler against these Plaintiffs." [R. 26-1, p. 4] He focuses on those portions of the Complaint alleging that Hall had notice of the August 2018 and September 2018 complaints filed by female parolees against Tyler but that he concealed his knowledge of said complaints and also concealed the complaints. [R. 1, ¶¶ 43–44, 68–69; 85] He argues that these allegations fail to identify Smith, Parson, or Musinski as one of the female parolee complainants, and "there is no allegation Hall (in August 2018, September 2018, or at any other moment in time) knew of, ignored, concealed or covered up Tyler's alleged misconduct against the Plaintiffs themselves." [R. 26-1, p. 5] Hall argues for the dismissal of all claims against him and does not specifically address any of the Complaint's ten causes of action.

As noted above, the Court must view the Complaint "in the light most favorable to [Plaintiffs], the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in [Plaintiffs'] favor." *Gavitt*, 835 F.3d at 639–40 (citation omitted). Further, "[i]n

- 6 -

judging the sufficiency of the complaint [the Court is] bound to indulge in all reasonable inferences which might be drawn therefrom." *Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972). Here, the Complaint alleges that Defendant Hall, "personally received numerous complaints of sexual misconduct [regarding Tyler]. Yet Hall failed to take any action, other than to proactively cover-up these complaints when they were brought to his attention." [R. 1, p. 4] It further alleges that by failing to appropriately respond to the August 2018 and September 2018 complaints, Hall contributed to the sexual abuse of these plaintiffs. [R. 1, ¶¶ 43–44, 68–69] More specifically, the Complaint alleges that, if Defendant Hall had taken appropriate actions and investigated numerous complaints about Tyler, Defendant Tyler would have been placed on administrative leave sooner and would therefore not have been able to continue his sexual abuse of Plaintiffs Musinski and Parsons in September and October 2018. *Id.* ¶¶ 70, 86. The Complaint also alleges that "the systemic abuse perpetuated by Defendant Tyler could have and should have been prevented by" Defendant Hall and others. *Id.* ¶ 100. It also alleges that "Defendant Tyler's actions were facilitated by Defendant Hall's actions and inactions related to the known complaints of sexual harassment and sexual assault against Defendant Tyler." *Id.* ¶ 101.  Further, it alleges that Hall's failure to screen, train, supervise, and otherwise oversee Tyler allowed Tyler to abuse the plaintiffs.  *See, e.g.*, *id.* ¶ 145.

As noted above, Defendant Hall's Motion is largely undeveloped and does not specifically address any of the causes of action listed in the Complaint; rather, he argues generally that the Complaint contains only speculative assertions that fail to connect him to Tyler's alleged abuse of these three plaintiffs and therefore all claims against him should be dismissed. Much of his argument focuses on the absence of any allegation that the 2018 complaints involved the sexual abuse of these plaintiffs. [R. 26-1, p. 7] He argues that "there is

no allegation Hall (in August 2018, September 2018, or at any other moment in time) knew of, ignored, concealed or covered up Tyler's alleged misconduct against the Plaintiffs themselves." *Id.* However, Defendant Hall fails to cite any authority that Plaintiffs' allegations of cover-up must specifically allege that he covered up complaints of abuse related to these particular plaintiffs. Further, such an interpretation misconstrues Plaintiffs' allegations. They claim that, if Hall had taken action against Tyler when Hall became aware of other allegations of sexual misconduct against Tyler (rather than cover up the allegations), this could have prevented the additional sexual abuse of these particular plaintiffs. *See Roman Catholic Diocese of Covington v. Secter*, 966 S.W.2d 286 (Ky. App. 1998) (involving claims that diocese failed to act in response to earlier reports of a teacher's sexual abuse of other students, thereby allowing that teacher to abuse the plaintiff). Because the Complaint sufficiently alleges a connection between Hall's actions (and inactions) and Tyler's alleged abuse of Plaintiffs, the Court will deny the Motion to Dismiss to the extent it seeks generally to dismiss all claims against him. As outlined below, however, the Court will grant the Motion with respect to Plaintiffs' claims against Hall for assault, harassment and battery, and negligence per se.

### 3.  Statutes of Limitations

#### a.  Section 1983 Claims

The Court next considers whether any of Plaintiffs' claims are time-barred. In doing so, the Court acknowledges that it "must borrow state statutes of limitations and tolling rules in a § 1983 action." *Guy v. Lexington-Fayette Urban Cnty Govt.*, 488 Fed. App'x 9, 18 (6th Cir. 2012) (citing *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484 (1980)).

Hall argues that Plaintiff Smith's § 1983 claims[4] are subject to a one-year statute of limitations under Kentucky Revised Statute ("KRS") § 413.140(1)(a). [R. 26-1, p. 6] That statute provides that an action for personal injury must be brought within one year of the accrual of the cause of action. Because Plaintiffs allege that Plaintiff Smith's sexual abuse "ended in October 2017," [R. 1, ¶ 56], and the Complaint was filed on October 7, 2019, Hall argues that those claims by Smith are time-barred.

In response, Plaintiff Smith counters that her claims fall under KRS § 413.2485 as injuries sustained as a result of a sexual offense, and they are therefore subject to a five-year statute of limitations. [R. 37, pp. 4–6]. Under that statute, "[a] civil action for recovery of damages for [a physical or psychological] injury or illness suffered as a result of an act or series of acts against a person eighteen (18) years old or older that meets the criteria of [Kentucky's sexual offense statutes[5]] shall be brought" either within five years of the last act or series of acts by the same perpetrator, the date the victim knew or should have known of the act, the date of knowledge or identity of the perpetrator, or the conviction of the civil defendant for the sexual offense, whichever is later." KRS 413.2485(2).

KRS 413.2485 was enacted only recently, in 2017, and there is no relevant case law to guide the Court as to its application. However, turning to the plain language of the statute, the Court finds that it would be inapplicable with respect to the allegations against this particular

---

[4] As discussed below, Hall requests the Court order Plaintiffs to provide a more definite statement regarding the "end dates" of Parson and Musinski's alleged abuse. His statute of limitations arguments address only Plaintiff Smith's claims.

[5] These statutes include KRS 510.040, 510.050, 510.060, 510.070, 510.080, 510.090, 510.110, 510.120, 510.130, 510.140, 510.150, 529.100 where the offense involves commercial sexual activity, 529.110 where the offense involves commercial sexual activity, 530.020, 531.090, or 531.100. These statutes cover, among other things, rape, sodomy, sexual abuse, sexual misconduct, and indecent exposure.

defendant. The statute provides a five-year limitations period for injuries "suffered as a result of an act or series of acts against a person eighteen (18) years old or older that meets the criteria of [Kentucky's sexual offense statutes]." *Id.* With respect to Defendant Hall, the injuries allegedly suffered by Plaintiffs resulted from his failure to report and/or investigate Defendant Tyler and his alleged authorization, approval, or acquiescence "to the clearly unconstitutional actions and conduct of" Tyler. [R. 1, ¶ 155 (detailing the § 1983 allegations against Hall)] These actions and/or inactions do not constitute one of the sexual criminal offenses listed in KRS 413.2485.

The Court finds that Plaintiff Smith's § 1983 claims against Defendant Hall[6] are subject to a one-year statute of limitations under KRS § 413.140(1)(a). *See Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) ("[W]e conclude that section 1983 actions in Kentucky are limited by the one-year statute of limitations found in section 413.140(1)(a)."). The injury giving rise to her claims—the sexual abuse—triggered the statute of limitations. *See Guy*, 488 Fed. App'x at 5 (finding that sexual abuse was the triggering event in § 1983 action against local government officials based on the officials' failure to report and respond to the abuse). That injury took place no later than October 2017, according to the allegations in the Complaint. [R. 1, ¶ 28] Thus, Plaintiff Smith's § 1983 claim, brought in 2019, is untimely unless the statute of limitations was tolled.

On this point, Plaintiff Smith argues that, even if her claims are subject to a one-year statute of limitations, that limitations period was tolled under KRS § 413.190(2). That statute provides,

---

[6] This opinion applies only to the claims asserted against Defendant Hall and does not address the sufficiency or timeliness of any claims against Defendant Tyler.

> When a cause of action mentioned in KRS 413.090 to 413.160[7] accrues against a resident of this state, and he by absconding or concealing himself or by any other indirect means obstructs the prosecution of the action, the time of the continuance of the absence from the state or obstruction shall not be computed as any part of the period within which the action shall be commenced. But this saving shall not prevent the limitation from operating in favor of any other person not so acting, whether he is a necessary party to the action or not.

Once a defendant has demonstrated that the limitations period has run, the burden rests on the plaintiff to demonstrate that the statute of limitations period is tolled. *See Reid v. Baker*, 499 Fed. App'x 520, 526 (6th Cir. 2012) (citation omitted).

Plaintiff Smith argues that tolling should be permitted in this case because there existed "fraudulent concealment or a misrepresentation by a defendant of his or her role in causing the plaintiff's injuries." [R. 37, p. 7] More specifically, she argues that there was "extensive concealment on the part of Defendant Hall." *Id.* According to Plaintiff Smith, this "extensive concealment" includes the concealment of the 2018 complaints made by other female parolees. Plaintiff Smith argues that "Defendant Hall not only failed to request an official investigation, but instead proceeded to engage in a systematic and fraudulent concealment of any allegations of sexual harassment and assault by Defendant Tyler." *Id.* at 8.

Plaintiff Smith does not cite any case law to support her argument. However, Kentucky's courts and the Sixth Circuit have applied KRS § 413.190 when addressing similar fraudulent-concealment arguments. In *Roman Catholic Diocese of Covington v. Secter*, 966 S.W.2d 286 (Ky. App. 1998), a former student brought suit against the church-operated school approximately seventeen years after being sexually abused by one if its teachers, claiming that the school

---

[7] These statutes set forth the limitations period for certain causes of action, including actions to be brought within one year. *See* KRS § 413.140.

- 11 -

negligently hired, supervised, and retained that teacher. The plaintiff alleged that KRS § 413.190 applied because the diocese received reports of the teacher's sexual abuse of other students prior to the plaintiff attending the school but had failed to act, and it continued to receive such reports during part of the time in which the plaintiff was abused.  *Id.* at 288. The court ultimately held that the limitations period was tolled under KRS § 413.190(2). *Id.* at 290. It reasoned that the plaintiff could not have known of his potential cause of action against the diocese until he learned of those concealed complaints, roughly seventeen years after his own abuse ended. *Id.* at 290. The Sixth Circuit discussed the *Sector* case in *Guy v. Lexington-Fayette Urban County Government*, 488 Fed. App'x 9 (6th Cir. 2012).  The Court surveyed post-*Sector* cases, recognizing that Kentucky's courts have narrowed the application of *Sector* "to situations where a plaintiff exercised reasonable care and diligence in pursuing a cause of action." *Id.* at 19 (citation omitted).

In this case, Plaintiff Smith argues that Defendant Hall's concealment of the 2018 complaints (and his attempt to keep an inculpatory recording out of a court proceeding) tolled the statute of limitations in her case. First, Plaintiff does not disclose when she learned of the 2018 complaints and Hall's attempts to conceal those complaints, nor does she demonstrate that she exercised reasonable care and diligence in pursuing her causes of action against Hall. Without this information, the Court cannot determine if the one-year statute of limitations was tolled or for how long. Because Plaintiff has not fully developed this argument and has therefore failed to meet her burden, the Court cannot hold the statute of limitations was tolled under KRS § 413.190(2).

More importantly, however, is the timing of the alleged concealment. Plaintiff Smith alleges that the statute of limitations was tolled in her case based on Defendant Hall's alleged

concealment of complaints in 2018—*after* her alleged sexual abuse ended. [R. 37, pp. 7–8] This distinguishes this matter from *Sector*. In that case, the diocese failed to act in response to complaints of a teacher's misconduct *prior* to the student's arrival at the school, and it then proceeded to conceal those complaints. 966 S.W.2d at 290. As a result, the teacher continued to teach at the school and later abused the plaintiff. *Id.* The plaintiff did not learn of the earlier complaints against the teacher until several years after his abuse ended. *Id.* The court ultimately held that his claims of negligent hiring, supervision, and retention were tolled until he learned of the complaints, explaining that he could not have known of that potential cause of action against the diocese until he learned of the school's failure to respond to the earlier complaints. *Id.* at 290–91. Stated another way, the diocese's concealment of their misconduct (i.e., failing to respond to complaints of abuse) tolled the statute of limitations.

Here, in contrast, Plaintiffs allege that Hall concealed the existence of complaints against Tyler in 2018, *after* the alleged sexual abuse of Plaintiff Smith ended in 2017. [8] Hall may have concealed the complaints and his own failure to respond to those complaints, but the concealment of such misconduct in 2018 has no effect (for purposes of this motion) on Tyler's alleged abuse of Smith in 2017. Plaintiff makes no attempt to explain how the 2018 concealment is related to her own earlier abuse, which allegedly ended no later than October 2017. In other words, she does not explain how Hall's concealment in 2018 could possibly have tolled the statute of limitations in her own case—a statute of limitations that was triggered *prior to* the

---

[8] By contrast, the other plaintiffs allege that their abuse continued through October 2018.

fraudulent concealment. The Court therefore finds that the statute of limitations was not tolled in this case.

In sum, the one-year statute of limitations under KRS § 413.140(1)(a) applies to Smith's § 1983 claims. *See Guy*, 488 Fed. App'x at 14–15; *Collard*, 896 F.2d at 182. According to the Complaint, Smith's abuse ended in October 2017, and she therefore had until October 2018 to file suit. Hall's alleged cover-up of complaints in 2018 did not act to toll the statute of limitations. The Complaint was filed in October 2019 and is therefore untimely with respect to Plaintiff Smith's § 1983 claims against Defendant Hall. These claims must be dismissed.

**b.  Assault, Battery, and Harassment Claims**

Defendant Hall also argues that Plaintiff Smith's assault, harassment, and battery claims (listed in Count IV as "tortious conduct") are also subject to a one-year statute of limitations under KRS § 413.140(1). [R. 26-1, p. 6] As noted above, Plaintiff Smith argues that her claims fall under KRS § 413.2485 as injuries sustained as a result of a sexual offense, and they are therefore subject to a five-year statute of limitations. [R. 37, pp. 4–6].

In considering this argument, the Court notes that claims of sexual assault, harassment, and battery may fall within the scope of KRS § 413.2485. It need not reach this issue, however, because Plaintiffs' Complaint does not contain any factual allegations that Defendant Hall sexually assaulted or harassed any of the plaintiffs. To the extent that Plaintiffs intended to include direct claims of assault, harassment, and battery against Defendant Hall, those claims must be dismissed for failure to state a claim.

**c.  Negligence Per Se Claims**

In response to Defendant Hall's motion, Plaintiff Smith also claims that her negligence per se claims are governed by a five-year statute of limitations. [R. 37, pp. 6–7] Specifically,

- 14 -

Plaintiff Smith argues that "Defendant Hall was terminated for a minimum of four violations of Kentucky Administrative Regulation, 101 KAR 1:345, Section 1, Unsatisfactory Performance of Job Duties, Violation of CPP 3.22, Staff Sexual Offenses and CPP 14.7, Sexual Abuse Prevention." *Id.* at 6. Plaintiff Smith argues that her injuries "are of the very nature that this administrative regulation was designed to prevent," and "Kentucky law is clear the limitations to such negligence per se actions is five years." *Id.* at 7.

In the Complaint, Plaintiffs reference Defendant Hall's firing under the above-referenced administrative regulation. [R. 1, ¶ 50]. However, Plaintiffs' Complaint does not list a cause of action for negligence per se (though it does allege, among other things, negligence and gross negligence in Count IV). Plaintiff Smith's response to this Motion to Dismiss does not cite to any specific allegations in the Complaint or explain how the allegations in the Complaint could support a negligence per se claim. [R. 37] The Court, "draw[ing] on its judicial experience and common sense," *Ashcroft*, 556 U.S. at 679 (citation omitted), finds that the Complaint does not provide a "short and plain statement" of a claim for negligence per se, as required by Rule 8(a)(2). Stated another way, a defendant reviewing this Complaint would not be on notice of a negligence per se claim.

Accordingly, the Court finds that Plaintiffs' Complaint fails to state a claim for negligence per se, even when viewing the allegations in the light most favorable to Plaintiff and indulging in all reasonable inferences. If Plaintiffs wish to add a cause of action for negligence per se, they must move to amend their complaint; they cannot add new claims in their response briefs.

In sum, the Court will grant Defendant Hall's Motion to Dismiss with respect to Plaintiff Smith's § 1983 claims against Defendant Hall (Count X); all direct claims of assault, battery, and

harassment against Defendant Hall (Count IV), to the extent that Plaintiffs intended to assert

such claims; and any negligence per se claims.

### B. DEFENDANT HALL'S MOTION FOR MORE DEFINITE STATEMENT

As an alternative remedy to complete dismissal, Defendant Hall asks for a more definite

statement under Rule 12 (e). That rule provides in part that

> [a] party may move for a more definite statement of a pleading to which a
> responsive pleading is allowed but which is so vague or ambiguous that the party
> cannot reasonably prepare a response. The motion must be made before filing a
> responsive pleading and must point out the defects complained of and the details
> desired.

The rule is closely connected to Rule 8(a), which governs the sufficiency of pleadings. That rule

requires only a short and plain statement of the plaintiff's claims. *See* Fed. R. Civ. P. 8(a). As a

result of this pleading standard, "a '[m]otion for more definite statement is granted only when the

pleading is so vague that it is unreasonable to expect that a responsive pleading may or can be

framed.'" *Sky Technologies Partners, LLC v. Midwest Research Institute*, 125 F. Supp. 2d 286,

299 (S.D. Ohio 2000) (quoting *Loew's v. Makinson*, 10 F.R.D. 36, 37 (N.D. Ohio 1950)).

Here, Defendant Hall asks for a more definite statement regarding when the alleged abuse

of Plaintiffs Parsons and Musinski ended; he requests a more exact date than "through October

2018" so he can assert a statute of limitations defense, if applicable. [R. 26-1, pp. 7–8]. The

district court considered a similar argument in the *Sky Technologies* case cited above. In that

case, the defendant moved for a more definite statement establishing personal jurisdiction. The

Court explained, "Although defendants are correct in their assertion that plaintiff bears the

burden of establishing that defendants are amenable to this Court's jurisdiction, that burden

arises, not upon the filing of a complaint, but when *in personam* jurisdiction is challenged." *Sky

Technologies*, 125 F. Supp. 2d at 298 (citation omitted). The Court therefore denied the motion

- 16 -

for a more definite statement with respect the issue of personal jurisdiction. *Id.* Similarly, in the present case, Defendant Hall may wish for more detail in the Complaint with respect to the "end dates" of the alleged abuse, but the Complaint's allegations are not so vague as to prevent him from raising that defense. Once the statute of limitations defense is properly raised, Plaintiffs can respond with specific dates to establish the timeliness (or untimeliness) of their claims. Further, "[a] motion for a more definite statement should not be used as a substitute for discovery." *Schwable v. Coates*, No. 3:05-cv-7210, 2005 WL 2002360, *1 (N.D. Ohio 2005) (citation omitted). Accordingly, Hall's Motion will be denied to the extent it seeks a more definite statement of the exact dates that the alleged abuse ended.

Hall also seeks a more definite statement as to how he was involved in covering up allegations involving Plaintiffs. [R. 26-1, p. 8] He argues that "[t]he Complaint fails to give Hall notice of what he allegedly did to the Plaintiffs and the grounds upon which their claims involving Hall rest." *Id.* The Court has already addressed this issue above and has determined that the Complaint sufficiently alleges a connection between Defendant Hall's alleged actions (and inactions) and the abuse of the three plaintiffs. The fact that the Complaint does not specifically allege that Hall covered up allegations involving any of these three plaintiffs is immaterial, as that is not the basis for Plaintiffs' claims against Defendant Hall. Further, there is enough of a factual background in the Complaint to allow Defendant Hall to admit or deny the allegations against him in an answer. The Court will therefore deny Hall's Motion to the extent he requests a more definite statement "identifying how Hall allegedly covered up information pertaining to Plaintiffs Musinski and Parson." *Id.*

However, the Court finds that Count IV of the Complaint, involving claims of "tortious conduct," is confusingly stated. Count IV alleges that "[t]he actions of Defendants [Hall and Tyler]

- 17 -

constitute assault, battery, negligence, gross negligence, harassment, and violation of the right to personal integrity and to be free from sexual assault and sexual abuse" and "all other compensable torts, including, but not limited to the tort of outrage." Plaintiffs do not clearly state which of these various torts applies to Hall and which applies to Tyler. To the extent that Plaintiffs seek to assert these claims, they must clarify which claims apply to which defendants. Thus, while the Court will deny Hall's Rule 12(e) motion to the extent it seeks more definite statements of the above-referenced issues, it will grant the Motion for More Definite Statement and order Plaintiffs to amend their complaint to clearly outline which of the various alleged torts applies to which Defendant.

### C. DEFENDANT TYLER'S MOTION TO DISMISS AND MOTION TO FILE AMENDED ANSWER

Defendant Tyler, acting pro se, filed a Motion to Dismiss on July 9, 2020. [R. 36] In his motion, he makes vague references to standing, collateral estoppel, and his Sixth Amendment right to confront witnesses. *Id.* He makes no reference to Rule 12 or the standard of a motion to dismiss, *see supra* Section (II)(A)(i). In short, his argument is wholly undeveloped. Because Defendant Tyler has not articulated any basis for dismissing this case under Rule 12 (or any other rule), the Court will deny his Motion to Dismiss, [R. 36].

Further, Defendant Tyler has since obtained counsel, [R. 40], and sought leave to file an amended answer, [R. 47]. However, the Court has now ordered Plaintiffs to file an amended complaint. Upon Plaintiffs' filing of the amended complaint, Defendant Tyler will have an opportunity to file an answer. The Court will therefore deny his Motion to File Amended Answer, [R. 47], as moot.

III.   **CONCLUSION**

**IT IS HEREBY ORDERED** as follows:

1.      Defendant Jonathan Hall's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement, [**R. 26**], is **DENIED IN PART** and **GRANTED IN PART**.

      a.  The Court **GRANTS** the Motion to the extent it seeks dismissal of Plaintiff Smith's § 1983 claims against Defendant Hall in Count X and the direct assault, harassment, and battery claims against Defendant Hall in Count IV. Said claims are hereby **DISMISSED**.

      b.  To the extent Plaintiffs intended to assert negligence per se claims in this Complaint, said claims are also **DISMISSED** for failure to state a claim.

      c.  The Court **DENIES** the Motion to the extent it seeks a more definite statement regarding the dates of the alleged abuse and Hall's involvement in concealing the alleged abuse of these plaintiffs.

      d.  The Court **GRANTS** the Motion for More Definite Statement, but on other grounds, as set forth above.

2.      Plaintiffs **SHALL** file an amended complaint clarifying which of the claims in Count IV apply to which defendant within **fourteen (14) days** of the entry of this Order.

3.      Defendant Ronald R. Tyler's Motion to Dismiss, [**R. 36**], is **DENIED**.

4.      Defendant Ronald R. Tyler's Motion to File Amended Answer, [**R. 47**], is **DENIED as moot**.

This the 29th day of March, 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

- 19 -